# IN THE UNITED STATES OF DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA     °   Case No. 3;17-cr-071

         Plaintiff,    °   Also Case No. 3;21-cv-259

-Vs-

LAITH Alebbini        °   District Judge Walker H. Rice

        Defendant,   °   Magistrate Judge Michael R. Merz

## OBJECTION TO REPORT AND RECOMMENDATION

Comes Now LAITH ALEBBINI by him self "Prose" to File the Following objections to the Magistrate Report and Recommendations

OBJection 1 ° Alebbini objects to the Magistrate Analysis

Reading Alebbini's Traverse as a whole, it evinces a desire to re-try the case. Issues that were tried and decided by Judge Rice, who was then affirmed on appeal, are brought forward in the § 2255 Petition to be heard and decided again. Several such issues are supported by new evidence, including prominently the post-trial Affidavit of Raid Ababneh, which of course is uncross-examined hearsay.
However, a § 2255 proceeding is not an opportunity to re-try a case.

Your honor indeed one of the remedies I seek is a new trial, because when the honorable Judge Rice "tried and decided" the Following Issues;

.1. "Raid flew to the Middle East, asked some of his friends ineffect where i can find the Islamic State? one or more of his friends informed on him and Raid went to prison."

2. Mr. Alebbini says he and Raid had pledged together to join the state."

3. This is when he said "I am a terrorist" (R.112 Verdict pg. id #2463-2464).

The honorable Judge was wrong in his Findings and made Errors of Fact

(1)

These errors of Fact, happend due to Prosecutorial misconduct, and Ineffective assistance of counsel.

These issues was affirmed on appeal, because the court of Appeals did not weigh the evidence they took it at Face Value.

"are brought Forward in the §2255 petition to be heard and decided again No your honor they are brought in my §2255 so they can be corrected and to end the miscarriage of Justice.

"Several Such issues are supported by [New Evidence]". No your honor the evidence just was not presented by my counsel which proves ineffective assistance.

"Post-Trial Affidavit of Raid Ababneh, which of course is [uncross-examined heersay]". No your honor Raid Ababneh Affidavit is admissible under Rule 803 Exceptions to the Rule against Hearsay; under Rule 803 (5)(C) and (6)A and Rule 803 (7)(A) The evidence is admitted to prove that the matter did not occur or exist. Also its admissible under Rule 804(A)(5).

"a §2255 proceeding is not an opportunity to re-try a case". I object to this statment in the Report and I Cite:

Section § 2255 expressly provides for relief where the conviction or sentence "is otherwise suject to collateral attack." § 2255(a). In such circumstances, relief is available "where 'the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice.'" Siddiqi, 98 F.3d at 1438(quoting Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 2300, 129 L.Ed 2d 277(1994)). This catch-all provision allows section 2255 relief in certain circumstances where the movant's sentence was based on misinformation, such as invalid prior convictions, and also in those rare circumstances where no specific right or law was violated, but the circumstances simply constitute a miscarriage of justice.

The Report States "Absent manifest injustice ... §2255 motions

(2)

will be dismissed" but I did prove "manifest injustice". I did not pledge allegiance to ISIS Formally or unFormally, Nor did I say "I am terrorist" I Said "am I a terrorist?", nor did Raid Ababneh ask or look or even try to ask about ISIS. My §2255 and traverse stand supported by evidence and unrefuted by the government.

OBJECTION (2): I object to the Analysis of ground 1 in the magistrate Report For the Following:

Objection A;

Alebbini claims he suffered from prosecutorial misconduct in that a prosecutor made an intentional misstatement of fact to the Court regarding communication of Raid Ababneh with ISIS.

I object to this vague and misleading statment.

your honor the government mislead the honoarble Judge rice to believe that Raid had or tried to have "communication with ISIS". I have undisputadly shown that such communication never happened in the world of reality and truth, it was lies from Alebbini Family to scare Alebbini and assumptions Alebbini made based on those lies. The government let these False evidence go uncorrected to decieve the honorable Judge.

Raid Ababneh afFidavit prove that there was no communication with ISIS, and warrents an evidenteary hearing.

objection B; The Report Fails to address " The pledge" in Sub-claim A in ground 1 Therefor It's short and incomplete. The honorable Judge rice Stated in The verdict "mr Alebbini says he and Raid pledged together to join the state."

your honor I have shown in my §2255 and traverse that this statment was wrong and How It was the product oF a mistranslation and government deception. Please note your honor that the government is saying

(3)

that it's your fault that you inferred it from the evidence.

Objection C:- I object on " Alebbini's Napue claim is not only without merit, it is also barred by res judicata".

Your honor the summary translator made a mistake (a pledge of Allegiance) and he reported it to the FBI agent herwig. Agent herwig sent a text message to another agent relaying the wrong translation, he sent this text, because it was material to the case.

When the Final translation came, it corrected the False evidence and there was no mention of a pledge of Allegiance.

The prosecutor deliberatly introuduced the text message knowing it's False testimony to decieve the court.

· My §2255 and traverse show the False testimony (agent herwig text saying Alebbini pledge Allegiance to ISIS).

and the Fact that the prosecutor opted to use it, and not the Final translation (the correct translation) proves that the prosecutor knew it was False.

· "The honorable Judge rice stating the False testimony in the verdict saying Alebbini said it - when he never did - show it was material and that he was decieved.

· 'The False evidence is, what the government let go uncorrected about Raid's actions in jordan even though the government had information from the Jordanian government that clear Raids actions.

The "deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with the rudimentary demands of justice." Workman v. Bell, 178 F.3d 759, 766 (6th Cir. 1998), quoting Giglio v. United States, 405 U.S. 150, 153 (1972). This rule applies to both the solicitation of false testimony and the knowing acquiescence in false testimony. Workman v. Bell, 178 F.3d 759, 766 (6th Cir. 1998), citing Napue v. Illinois, 360 U.S. 264, 269 (1959). However, to prevail on such a claim, a petitioner must show that the statement in question was false, that the prosecution knew it was false, and that it was material. Wogenstahl

v. Mitchell, 668 F.3d 307, 323 (6th Cir. 2012), citing Rosenkrantz v. Lafler, 568 F.3d 577, 583-

(4)

84 (6th Cir. 2009); Brooks v. Tennessee, 626 F.3d 878, 894-95 (6th Cir. 2010); Byrd v. Collins, 209 F.3d 486 (6th Cir. 2000), citing United States v. Lochmondy, 890 F.2d 817, 822 (6th Cir. 1989); United States v. O'Dell, 805 F.2d 637, 641 (6th Cir. 1986). The statement must be indisputably false, rather than simply misleading. Lochmondy, 890 F.2d at 823; Byrd v. Collins, 209 F.3d 486, 517 (6th Cir. 2000).

Your honor my § 2255 Motion and traverse cleared the above in detail, and my claims stand unrefuted, and in an evidenteary hearing I will prove them easily by the testimony of the same summary translator.

Please note that the government didn't argue that I pledged Allegiance, they argued that Judge rice inferred it from the evidence. As I shown in my traverse For the inference to be correct the evidence must be correct, so no reasonable Juror can infer a pledge of Allegiance to ISIS From the Final correct translation.

They argued Procedural Default, but I have demonstrated that Failure to consider the claims will result in a Fundamental miscarriage of Justice. Nor my claims barred by res judicata because I've shown the government Fraud.

The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. Commissioner v. Sunnen, 333 U.S. 591 (1948), diverged from in Montana v. United States, 440 US. 147 (1979).

Objection D: I object to "Alebbini claims the sixth Circuit did not decide the relevant question -- did Alebbini pledge support to ISIS?".

Your honor I. claim that the sixth Circuit didnot decide on the evidence, is it False or not? the court of Appeals stated It's not our Job to weigh the evidence or draw inferences From It. my § 2255 motion and traverse have shown with out a dispute that the evidence was False.

And I only need an evidenteary hearing to prove the evidence was False.

OBJECTION 3:- I Object to the magistrate Report on sub claim A:
Choice of a bad strategy specifically "Alebbini has not shown what
the inconsistencies are".

Your honor Alebbini urged his counsel to present that he was considering
other groups to fight Alassad.

Counsel chose to challenge the government evidence citing the weakness
of the government case, and the lack of any material evidence.

Both strategies must be presented. Presenting that Alebbini was
considering other groups and other options showes:-

1. Alebbini intent was to fight Alassad not to join isis.

2. travling to turkey or the airport doesn't constitute a
substancial step.

3. It shows that Alebbini did not decide on a group which
proves 4. there was no pledge to isis.

5. there was no cover up

Presenting this line of evidence as I did in my §2255 and traverse-
Lets us see that the pledge was to defend the syrian people
and not for isis, Also It would've showed that Raid did not
try to contact isis. In other words showing that Alebbini was
considering other groups is vital to conduct a meaningful adversarial
challenge.

most importantly the Report doesnot mention that defense counsel
Failed to put the government case to an adequate adversarial testing.
Defense counsel Failed in clarifying there was no pledge of
Allegiance to isis what so ever. this error prejudiced me, because
Judge rice and the court of Appeals still think there was one.

Defense counsel Failed in clarifying that Raid Ababneh never tried
to contact isis, and he Failed in clearing that I said "am I a
terrorist" instead of "I am a terrorist".

(6)

So challenging the government evidence and it's sufficency was a total Failure.

These errors that are not mentioned in the Report have Prejudiced me. I have shown this prejudice in the words of the honorable Judge rice (supra).

Ramonez-Berghuis, 490 F.3d 482, 488(6thCir.2007)("A purportedly strategic decision is not objectively reasonable when the attorney has failed to investigate his options and make a reasonable choice between them.").

Grosclose v. Bell, 130 F.3d 1161, 1169-70(6thCir.1997)(describing defense counsel's "failure to ahve any defense theory whatsoever" and failure to conduct any meaningful adversarial challenge" as "especially appalling" in holding attorney ineffective).

Rickman V. Bell, 131 F.3d 1150, 1157(6thCir.1997)(defense counsel's preparation for trial amounted to "total failure to actively advocate his client's cause").

Objection 4: I object to the Report on "sub claim B. ineffective Assistance by making a harmful objection."

Qaqa was prepared to testify that Alebbini's intent in doing those things was not to support ISIS, but to travel to the Middle East to continue his consideration of possible anti-Assad groups.

Your honor qaqa is the CHS. this testimony would have shown that there was no cover up, and that I didn't make my mind on any group. this testimony was,/ is so important to my context, But my defense Counsel not only Failed in presenting my side, he objected to the truth when it came out.

OBJECTION 5: I object to the Report on "Subclaim C: Failing to Present evidence on behalf of the Defendant".

I object to "Alebbini admits, Anderson did not have the transcript at trial".

Your honor mr Anderson did have the transcript.

(7)

It was provided by the government, and my Appeal lawyer mr Schad got the transcript From mr Anderson office. this can be easily Varified by the government, because they did give to us with the Discovery. and I did not admit that what so ever.

Couch v. Booker, 632 F.3d 241, 247(6thCir.2011)(trial counsel was ineffective when he failed to track down readily and likely useful evidence that defendant asked counsel to obtain).

We can See clearly that this claim should be remanded for evidenteary hearing to determine the relief.

Objection 6; I object to the magistrate Analysis of "Subclaim C; Failing to Present evidence on behalf of the defendant". It's incomplete. The Report only mentions the April 26th, 2017 transcript.
The Report Fails to mention the evidence mr anderson Failed to Present to clear there was no pladge of Allegiance.
The Report Fails to address that mr anderson Failed to Show Raid Ababneh didnt try to contact ISIS and how It was alie made by my Family.
The Report Fails to mention the evidence mr anderson Failed to Present to prove that I said "am I a terronst?" Instead of "I am a terrorist".
I have enclosed these evidences with my 2255 motion and traverse as exhibits including Raid Ababneh affidavit.
Please note that the governmunt didnot refute my claims.
and please note that the Report doesnot mention that I asked For evidentiary hearing to prove my Claims, and so the court Can decide IF these errors individually or collectively have Prejudiced me, and IF they warrent relief.

(8)

Blackburn v. Foltz, 828 F.2d 1177(Ca 6 1987) p1184. Although we have addressed the above errors individually for discussion purposes, it is important to note that we have considered them within the context of counsel's overall performance and in view of all the facts in the record. See Kimmelman, 106 S.Ct. at 2589[.] Having thus concluded that[counsel] Girard's performance was deficient under the Strickland guidelines, we turn to the prejudice component of the Strickland test. P1186. We can not escape the conclusion that counsel's errors, in combination, effectively deprived Blackburn of a meaningful defense. [...] Due to the combined errors of counsel, Blackburn was unable to subject the prosecution's case to "'the crucible of meaningful adversarial testing' - the essence of the right to effective assistance of counsel." Martin v. Rose, 744 F.2d 1245, 1250(6th Cir.1984)[Writ granted.]

Objection 7: I object to "he does not suggest what form these motions were intended to take and when he asked that they be made".

Your honor I did not mean that this claim be viewed in isolation from the other claims. I wanted to show that the over all performance of defense counsel was deficient. Henry v. Scully 78 F.3d 51(Ca 2 1996) p53. We express no view regarding whether one or two of these errors would have constituted ineffective assistance, for the aggregate effect of these there instances of inaction by defense counsel convinces us that the magistrate judge and district judge were correct in finding that Henry received ineffective assistance of counsel.

I did suggest what form these motions should take and whats the intent for them, I even wrote them. mr anderson couldvefixed them and made them legitimate and professional instead of my prose scramble.

I filled 2 motions for a new trial. in hope of fixing the false evidence that my § 2255 motion and traverse are trying to correct now.

Menefield v. Borg., 881 F.2d 696(CA 9 1989) p.699. As a practical matter, the motion for a new trial is the defendat's last opportunity for an unconstrained review on the merits of the evidence against him. On appeal, both jury conclusions and the factual decisions of the trial court are either immune from review or treated under a highly deferential standard. [omitted] Consequently, the defendant's failure to take full legal advantage of the stautory right Substantially deminishes his ability to challenge the sufficiency of the evidence.

An effective motion for a new trial ordinarily requires a lawyer's understanding of legal rules and his experience in presenting claims before a court. The presence of trained counsel at this stage insures the most favorable arguments will be presented and "that the accused's interest will be protected consistantly with our theory of prosecution." Wade, 388 U.S. at 227, 87 S.Ct. at 1932.

L.Ed 2d 397, 106 S.Ct. 2639(1986) p.2649. Murray v. Carrier, 477 U.S. 496, 91 There is an additional safeguard against miscarriages of justice in criminal cases, ... [it] is the right to effective assistance of counsel, which, as this court has indicated, may in a particular case be violated by even an isolated error of counsel if that effor is sufficiently egregious and prejudicial. United States v. Cronic, 466 U.S. 648[.]

Objection 8:- I object to "In sum, Alebbini's ground two is procedurally barred or without merit and Should be dismissed". (See Report at 16 Page ID 4288) The magislrate cited in his Report (Page 12 page ID 4284):

Claims of ineffective assistance of trial counsel are properly raised in a § 2255 proceeding rather than on direct appeal because of the preference of the appellate courts. *Massaro v. United States*, 538 U.S. 500 (2003); *United States v. Neuhausser*, 241 F.3d 460 (6th Cir. 2001); *United States v. Fortson*, 194 F.3d 730, 736 (6th Cir. 1999).

Please note the language "barred [or] without merit" Should the honorable Judge Just pick one, I thought thats what is the Report for. Your honor this clearly show that the magistrate Report and his review of my claims are faulty

Objection 9: I object to the magistrate Judge Report and analysis as whole. because 1. The Report doesnot elaborate or make findings If there was a pledge of Allegiance to ISIS or not nor if Raid tried or didnot try to contact ISIS, nor does it Report If I Said "I am a terrorist" or "am I a terrorist", the main issues, nor does It even mention if the government refuted my allegations or not and It does not mention why Alebbini is not entitled For an evidentcary hearing.

I object to the magistrate Analysis because It was not done to serve the "INTEREST OF JUSTICE". It was done to serve rules and technicalities So I ask the honorable Judge rice to consider my claims denovo Putting a high regard For the interest of Justice and considering that the defendant is a prose litigant.
   So he can determine if the statements he made in his verdict were true or not. If not, who is behind these errors, and correct them in a way that ends this miscarriage of Justice.

OBJECTION 10: I object to the magistrate recommendations.
A I object to the magistrate recommendations to dismiss my § 2255 motion, because my claims was not refuted by the government. and I demonstrated that Failure to consider the claims will result in a Fundamental miscarriage of Justice.

B. I object to his recommendation "of denying me a certificate of Appealability and certifying to the Sixth Circuite that any Appeal would be objectively Frivolous".
To The contrary Faulire to consider my claims will result in a Fundamantal miscarriage of Justice, and the court should grant

(11)

a certiFicate oF APPealability.

c- I object to his recommendation " Should not be Permitted to proceed in Forma Pauperis".

your honor I am still indigent and have No means what So ever to pay any legal Fees except "a Jail house Lawyer"*

Based upon the above Alebbini asks the honDrable Judge rice to consider my claims de novo, and to grant an evident-eary hearing So the court can decide 1. IF there was any pledge to ISIS or It's cause. 2. IF Raid Ababneh tried in any way, Shape, or Form to contact ISIS. 3. did Alebbini Say "I am a terrorist" or "am I a terrorist". then Finding the reason behind these errors of Fact, was It Prosecutorial misconduct or ineffective assistance of counsel. then making a Finding of the extent of harm and Prejudice these errors of Fact had on the defendant and Finally remedy them.

humbly and respectFully Submitted

LAITH Alebbini

* IF the term lawyer Fits Such a Person.

(12)

1000
WI 53952





Legal Mail

⇔81611-007⇔
Clerk Of The Court
Walter H. Rice
200 W 2ND ST
Rm. 712
Dayton, OH 45402
United States

10-3-22