# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : **CASE NO.  3:17-CR-071-WHR** |
| | : **(MRM)** |
| **Plaintiff,** | : |
| | : **GOVERNMENT'S RESPONSE** |
| **v.** | : **TO DEFENDANT'S** |
| | : **OBJECTION TO THE** |
| **LAITH WALEED ALEBBINI,** | : **SUPPLEMENTAL REPORT** |
| | : **AND RECOMMENDATION** |
| **Defendant.** | : |
| | : |

Defendant's Alebbini's "Objections to the Supplemental Report and Recommendation" (ECF No. 175, PageID # 4311) (hereinafter "Supplemental Objections") simply continue Alebbini's repeated attempts to re-try the facts of his case.  Alebbini's Supplemental Objections are almost entirely devoid of any argument beyond the mere repetition of the claims made in his §2255 motion (ECF No. 132, PageID # 3985), and should be generally rejected for all the reasons outlined in the government's answer to that motion (ECF No. 162, PageID # 4126), Judge Merz's first Report and Recommendation (ECF No. 171, PageID # 4273) and Judge Merz's Supplemental Report and Recommendation (ECF No. 174, PageID # 4304).[1]

---

[1] The government was preparing to file responses to Alebbini's first set of objections (ECF No. 172, PageID # 4290).  However, prior to the government's filing of a

The standard of review for objections to the report and recommendations of a

magistrate judge is as follows:

> Under 28 U.S.C. §636(b)(1) and Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge must conduct a *de novo* review of those portions of a magistrate judge's recommendation on a dispositive motion to which a part has properly objected. A district court need not provide *de novo* review where the objections are frivolous, conclusive or general. Additionally, *de novo* review applies only to matters involving disputed facts. When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error.

*M&C Holdings Del. P'ship*, Case. No. 1:20-cv-121, 2020 WL 5904417, *3 (S.D. Ohio Oct. 6, 2020) (internal citations and quotation marks omitted).

Alebbini's supplemental objections generally fail to satisfy the standard for *de novo* review, are largely without merit, and should all ultimately be rejected by this Court. The government will address each of Alebbini's supplemental objections in turn.

**<u>Objection One</u>**

Alebbini's first supplemental "objection" appears to contain multiple complaints, most of which are not cognizable objections because they do not actually refer to any specific finding of either the Report and Recommendation or the Supplemental Report and Recommendation.

---

response, Judge Rice issued his Recommittal Order (ECF No. 173, PageID # 4303), returning the issue of Alebbini's Objections to Judge Merz for further consideration. As such, the government will occasionally refer to Alebbini's *initial* set of objections in this response where it is necessary to address Judge Merz's Supplemental Report and Recommendation (ECF No. 174, PageID # 4304) and Alebbini's Supplemental Objections (ECF No. 175, PageID # 4311).

First, Alebbini "objects" that he "did not request a new trial." (ECF No. 175, PageID # 4314).  In addition to Alebbini's claim being literally untrue (*see* ECF No. 172, PageID # 4290 ("[I]ndeed one of the remedies I seek is a new trial.")), Alebbini's complaint is not a cognizable objection because the nature of the remedy that Alebbini seeks is not a "finding" made by Judge Merz.  As such, Alebbini's "objection" to Judge Merz's analysis of this point is wholly irrelevant.

Second, Alebbini complains that his ineffective assistance of counsel claims "can't be denied by *res judicata*." (ECF No. 175, PageID # 4314).  This is also a wholly irrelevant "objection" because neither the original Report and Recommendation nor the Supplemental Report and Recommendation rely on *res judicata* to dispose of Alebbini's ineffective assistance of counsel claims.  (*See generally* ECF No. 171, PageID # 4273 and ECF No. 174, PageID # 4304).  This portion of the Supplemental Report and Recommendation instead refers to Alebbini's overarching attempts to use the §2255 process—inappropriately—to re-try his case.  (*See* ECF No. 174, PageID # 4304-05).

Next, Alebbini complains that "the government did not argue *res judicata* in there [*sic*] response" and that the doctrine of *res judicata* is inapplicable in habeas corpus proceedings.  (ECF No. 175, PageID # 4314).  First, that the government did not use the phrase "*res judicata*" in its response to Alebbini's § 2255 motion is entirely irrelevant.  Rather, Alebbini has stumbled into a semantic legal issue related to common law considerations between *habeas corpus* proceedings and the *res judicata* doctrine and how those bodies of law impact §2255 proceedings.  Suffice

it to say that while strict *res judicata* does not apply with full force to §2255

proceedings (*see, e.g., Olea-Coronado v. United States*, No. 2:07-cr-142(1), 2010 WL

5157105 (S.D. Ohio, Dec. 14, 2010)), procedural bars and procedural default are still

very much relevant and appropriate considerations. S*ee Dupont v. United States*, 76

F.3d 108, 110 (6th Cir. 1996) ("A § 2255 motion may not be used to relitigate an

issue that was raised on appeal absent highly exceptional circumstances.")) *and*

*Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Where a defendant has

procedurally defaulted a claim by failing to raise it on direct review, the claim may

be raised in habeas only if the defendant can first demonstrate either 'cause' and

actual 'prejudice'…or that he is 'actually innocent.'")).

The Report and Recommendation simply uses "*res judicata*" as a shorthand

for the procedural barring and default mechanisms contemplated by the *Dupont*

and *Bousley* case lines. *See, e.g.,* ECF No. 171, PageID # 4281 (discussing one of

Alebbini's claims as "barred by *res judicata*" and citing to both *Dupont* and *Bousley*).

The Report and Recommendation's citation to the correct case law makes clear that

Judge Merz understands the proper legal standard in evaluating procedural barring

and default and was simply using "*res judicata*" as harmless shorthand. Alebbini's

"objections" provide no basis for the Court to conclude that Judge Merz erred in

applying the relevant law in rendering his Report and Recommendation.

Additionally, the *entire* argument that Judge Merz's use of *res judicata*

amounts to legal error is a brand-new concoction from Alebbini, about which his

initial objections to the Report and Recommendation are completely silent—despite

4

the *res judicata* shorthand appearing in the initial Report and Recommendation. (S*ee, e.g.,* ECF No. 171, PageID # 4275 ("Some [of Alebbini's claims] are argued to be barred by *res judicata* because they were raised on appeal, but decided adversely to Alebbini's claim, or could have been raised on appeal but were not."); and PageID # 4281 ("And because this claim is based entirely on the record before the circuit court, if it was not decided, it could have been if fairly presented, which also results in a *res judicata* bar.")). The time for initial objections has long passed, and Alebbini cannot continue to invent new theories of complaint *ad infinitum*. As such, this complaint from Alebbini is untimely. Indeed, this very act is the *exact* ill that procedural bars are designed to prevent.

Finally, Alebbini continues to complain about the Report and Recommendation's treatment of the "affidavit" purportedly by Raid Ababneh—Alebbini's alleged co-conspirator. (EF No. 175, PageID # 4314-15). But Alebbini's continued focus on the "affidavit" is nothing more than a distraction. Judge Merz's initial Report and Recommendation—while correctly suggesting that the "affidavit" is unreliable—does not actually rely on the "affidavit's" admissibility, or lack thereof of, in disposing of any of Alebbini's claims.[2] The Report and Recommendation

---

[2] Even if consideration of the "affidavit" were relevant—which it is not—Judge Merz's opinion that the "affidavit" is unreliable is not error. While the evidentiary rules surrounding § 2255 proceedings *allow* courts to consider such statements, they do not *require* that courts do so. *See Cooper v. United States*, 367 F. Supp.3d 780, 789 (E.D. Tenn. 2019) ("Taken together, these rules [Rule 7 and Rule 8 of the Rules Governing § 2255 Proceedings] authorize the Court *to decide* whether to consider affidavits and to hold a hearing.") (emphasis added). Moreover, it is entirely appropriate for a court, in exercising that discretion, to consider the hearsay nature of a submitted affidavit. *See Arredondo v. United States*, 178 F.3d 778, 782-83 (6th Cir. 1999) ("The former [affidavit] is hearsay, and none of the exceptions to the

addresses the "affidavit" only in the initial "Analysis" section, in which none of Alebbini's claims are dismissed or affirmed. (ECF No. 171, PageID # 4279). Alebbini argues that the "affidavit" is relevant to his claim of prosecutorial misconduct, however Judge Merz disposed of that claim on grounds entirely unrelated to the truth, falsity, or admissibility of the "affidavit." (*See* ECF No. 171, PageID # 4280-82). Rather, Alebbini's prosecutorial misconduct claim *necessarily* failed because "[a] claim of prosecutorial misconduct by false statement simply cannot be grounded on a statement by the trial judge, who is not the prosecutor." (ECF No. 171, PageID # 4280-81). Alebbini's "objection" does not dispute Judge Merz's finding that Alebbini's claim of prosecutorial misstatement necessarily fails because he points to no statement actually made by a prosecutor. (ECF No. 171, PageID # 4280-81). This finding is not clearly erroneous, and so Alebbini's objection should be denied.

**Objection Two**

Alebbini's second supplemental "objection" does not state a cognizable claim for relief. First, it simply continues to complain about the admissibility of the "affidavit" which—as explained above—is a matter entirely irrelevant to the ultimate findings of the initial Report and Recommendation. Further, this

---

prohibition on hearsay evidence applies."). Further, even if the "affidavit" is *assumed as true*, it does not speak to any prosecutorial misconduct by the government because the affidavit is entirely silent as to the knowledge of the prosecution team and is nothing more than a self-serving denial of guilt. (*See* ECF No. 163, Page ID # 4165-67 (summarizing the irrelevance of the "affidavit" and citing to *Carver v. United States*, 2009 WL 302316 (N.D. Ohio Feb. 9, 2009) for the proposition that a "[p]etitioner's self-serving assertion and reference to his own affidavit" were insufficient to establish falsity under the *Lochmondy* analysis)).

"objection" does nothing more than re-iterate the same complaint that Alebbini made in his § 2255 motion, a complaint which was rejected by the initial Report and Recommendation on legal grounds—that the "misstatement" identified by Alebbini[3] is a statement made by Judge Rice in his interpretation of the evidence, and not by a prosecutor (ECF No. 171, PageID # 4280-81)—that neither Alebbini's original or supplemental objections even attempt to address or overcome.

### Objection Three

Alebbini's third objection is likewise not a cognizable claim for relief because it is simply a naked demand by Alebbini—as recognized in the initial Report and Recommendation (ECF No. 171, PageID # 4281)—that this Court re-weigh the factual question of whether or not Alebbini actually "pledged" to support ISIS: "What I'm asking the magistrate is to report to you if thats [*sic*] true or not?" (ECF No. 175, PageID # 4315). But Alebbini is not entitled to this relief. The trial court determined that there was sufficient evidence to convict Alebbini. The appellate court confirmed that the evidence was sufficient. Judge Merz has—twice— recognized those appropriate conclusions. (ECF No. 171, PageID # 4281 *and* ECF No. 174, PageID # 4306). Alebbini's "objection" that Judge Merz's finding on this issue "side-step[s]" Alebbini's complaint only highlights Alebbini's lack of regard for the legal standard that he must meet. This "objection" is nothing more than a

---

[3] Even Judge Rice's conclusion is not a "misstatement" at all but is rather a summation of his interpretation of the facts before him—an interpretation with which Alebbini simply disagrees. However, the sufficiency of the evidence against Alebbini has been affirmed by multiple courts and Judge Rice's summation of the evidence was entirely reasonable as demonstrated by the Government's response to Alebbini's § 2255 motion. (*See* ECF No. 163, PageID # 4162-65).

continuance of Alebbini's attempt to inappropriately utilize the § 2255 process to re-try his case.  (*See* ECF No. 171, PageID # 4279).  The Report and Recommendation did not need to further address Alebbini's claims concerning his "pledge" because, *inter alia*, his legal theory of relief was fatally flawed—a determination that Alebbini repeatedly ignores.

### Objection Four

Alebbini's fourth objection simply re-iterates his arguments concerning the application of *res judicata* in § 2255 proceedings.  This objection is meritless for the same reasons discussed *supra* at 2-6.  The initial Report and Recommendation found that Alebbini's *Napue* claim was *both* meritless and procedurally barred and cited the correct legal standard for that procedural barring.  (ECF No. 171, PageID # 4281).  Alebbini does not even attempt to address the legal framework, merely summarily quibbling with Judge Merz's use of the phrase *"res judicata."*  This is insufficient and Alebbini's objection should be denied.

### Objection Five

Objection Five is not a cognizable objection to any finding of the Report and Recommendation.  (*See* ECF No. 175, PageID # 4317).  "Objection" Five is merely a demand for an evidentiary hearing.  The purpose of these briefings is to determine if Alebbini is entitled to such a hearing—and he is not.  Alebbini's complaints are either "facially [in]adequate…[or] conclusively refuted as to the alleged facts by the files and records of the case." *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003).  This is specifically true of Alebbini's "factual" allegations

concerning the issue discussed by Objections Three, Four, and Five, where the initial Report and Recommendation *correctly* notes that Alebbini's claims are "based entirely on the record before the circuit court." (ECF No. 171, PageID # 4281).

### Objection Six

Objection Six is not a specific objection, but rather simply re-states Alebbini's general complaint that his trial counsel was ineffective. (ECF No. 175, PageID # 4317-18). General objections are not entitled to *de novo* review. Alebbini does little more to prove that his counsel was ineffective than to simply note that his counsel was unsuccessful in securing his acquittal. Alebbini does not address the "virtually unchallengeable" legal standard cited by the Report and Recommendation, or challenge Judge Merz's—correct—conclusion that Alebbini's "two strategies" are perfectly compatible. (ECF No. 171, PageID # 4285). Judge Merz correctly concluded that a mere lack of success is insufficient to demonstrate ineffectiveness. (ECF No. 174, PageID # 4308). This objection should be denied.

### Objection Seven

Objection Seven does nothing more than re-state Alebbini's §2255 claim in summary fashion, while failing entirely to address either Report's findings regarding that claim, and so does not merit *de novo* review. The initial Report and Recommendation rejects this claim for substantially similar reasons as those offered by the Government in its answer to Alebbini's §2255 motion—albeit interpreting the proper objection as hearsay, rather than leading. *Compare* ECF No. 171, PageID # 4286 *with* ECF No. 163, PageID # 4184-86. The ultimate legal conclusion is

consistent and correct—Alebbini simply cannot have been "prejudiced" in a legally-cognizable way through the mechanism of a *proper objection*—regardless of whatever impact he continues to theorize that it had.  *See* ECF No. 171, PageID# 4286.  Alebbini's supplemental objection does not address the legal accuracy or nature of the trial objection at all—despite the supplemental Report and Recommendation specifically highlighting that deficiency in Alebbini's initial objections.  (ECF No. 174, PageID # 4308).  Alebbini's seventh objection should be denied.

**Objection Eight**

Alebbini's eighth objection renews his complaint that the initial Report and Recommendation, as well as the Supplemental Report and Recommendation, partially misunderstands his complaint regarding the presentation of certain evidence at trial.  ECF No. 171, PageID# 4296-97.  Whatever his intended argument, Alebbini's §2255 claim regarding this issue was—and remains—meritless because his underlying premise that the complained-of evidence was not presented a trial is a false one.  *See* ECF No. 163, PageID# 4190 (demonstrating through citation to the trial record that Alebbini's §2255 "Exhibit J" is not missing, but rather is simply an excerpt of another transcript that was entered into evidence at trial).  Because the "files and records of the case" "conclusively refute[]" Alebbini's §2255 claim, no hearing on this issue is needed.  *Moreno-Morales v. United States,* 334 F.3d 140, 145 (1st Cir. 2003).  Further, as noted by the Report and Recommendations introductory analysis (ECF No. 171, PageID # 4279), and its

evaluation of Alebbini's complaints of "judicial misconduct," (*Id.*, PageID # 4288-89), Alebbini cannot legally sustain a §2255 claim on a sufficiency or interpretation of the evidence argument—that time has passed.

### Objection Nine

Alebbini's ninth objection is not entitled to *de novo* review because—by Alebbini's own admission—it is a general objection. (ECF No. 175, PageID # 4320 ("I object to the Magistrate Supplemental Report and Analysis in it's entirety…"). Further, this "objection" is meritless for the same reasons outlined in response to Alebbini's third supplemental objection. Specifically, that the "objection" is simply a list of questions that Alebbini asserts the report does not answer, must answer, and so is fatally flawed. (*Id.*) Alebbini demands that the Report and Recommendation reach *factual conclusions* about the underlying conduct for which Alebbini was charged (that is, to re-try his case) and simply cannot bring himself to understand that *this is not the purpose* of the § 2255 procedure and the Report and Recommendation, like the appellate court before it, *appropriately* does not engage in the exercise which Alebbini demands. (ECF No. 174, PageID # 4307 ("What the Sixth Circuit did was to say it was not its role as an appellate court to re-weigh the evidence on that question. That is also correct: appellate courts do not re-weigh the evidence, but decided whether there is sufficient evidence to support a trial court's findings. That is what the Sixth Circuit did here. Alebbini claims that if he were given an evidentiary hearing, he could now prove he did not take the pledge. But Alebbini has already had that hearing, the trial.")). As explained—correctly—by

11

the initial Report and Recommendation, "a §2255 proceeding is not an opportunity to re-try a case." ECF No. 171, PageID # 4279.  This is a correct interpretation of the law, no matter how frustrating Alebbini finds it.  It is not error for the Report and Recommendation to fail to do that which it is neither required nor appropriately within its scope.

### Objection Ten

Objection Ten is not a cognizable claim for relief.  It is simply Alebbini's disagreement with the Supplemental Report and Recommendation's ultimate conclusion that Alebbini's claims should be denied.  Further, Alebbini's complaints concerning the certificate of appealability do not concern "findings" of the report, but rather legal conclusions that flow from the Report and Recommendation's consideration of Alebbini's §2255 claims.  (*See* ECF No. 171, PageID # 4289, *and* ECF No. 174, PageID # 4309-10).  Nor are these legal conclusions clearly erroneous. "A certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2255(c)(2). Alebbini does not attempt to make this "substantial showing" or even address the standard of review outlined in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  The "reasonable jurist" standard referenced by the Report and Recommendation is the correct legal standard.  That Alebbini continues to disagree with the state of the law concerning §2255 is not evidence that a reasonable jurist would.

## Conclusion

For the reasons stated above, and for all the reasons outlined in the government's answer (ECF No. 163, PageID # 4126), the Court should adopt the ultimate conclusions in the Report and Recommendation (ECF No. 171, PageID # 4273), as well as the Supplemental Report and Recommendation (ECF No. 174, PageID # 4304), and dismiss with prejudice Alebbini's §2255 motion (ECF No. 132, PageID # 3985).

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/Nicholas A. Dingeldein
NICHOLAS A. DINGELDEIN
(NY 5284674)
Assistant United States Attorney
200 West Second Street, Suite 600
Dayton, Ohio 45402
Office: (937) 225-2910
Fax: (937) 225-2564
Nicholas.dingeldein@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this pleading was filed with this Court on this 23rd day of November 2022, a process that automatically provides an electronic copy to all counsel of record, and that a hard copy of this pleading is being mailed to the defendant this same day, addressed to:

LAITH ALEBBINI
# 81611-007
FCI OXFORD
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
OXFORD, WI  53952


        s/Nicholas A. Dingeldein
        NICHOLAS A. DINGELDEIN
        (NY 5284674)
        Assistant United States Attorney