# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

UNITED STATES OF AMERICA,      :      Case No.  3:17CR71WHR

     *Plaintiff*,      :

     v.      JUDGE RICE

     :

LAITH ALEBBINI,      :

     *Defendant*.      :

---

## RESPONSE TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

---

Laith Alebbini seeks compassionate release from the Bureau of Prisons despite having served only a portion of his sentence for attempting and conspiring to provide material support to a foreign terrorist organization.  As detailed below, his motion lacks merit.

The defendant cannot satisfy each element necessary to justify his release under 18 U.S.C. § 3582(c)(1)(A).  Although invoking a series of grounds that purportedly justify his early release, courts uniformly have concluded that claims such as his do not constitute extraordinary and compelling reason to end his imprisonment roughly halfway through his sentence.  Moreover, the section 3553(a) factors do not support his motion.  For instance, Mr. Alebbini engaged in a serious crime for which he has shown little remorse.  For these and other reasons detailed more fully below, the United States respectfully requests that the Court deny his motion.

## BACKGROUND

As the Sixth Circuit succinctly summarized this case on appeal:

On April 26, 2017, FBI agents arrested Laith Waleed Alebbini at the Cincinnati-Northern Kentucky International Airport. They suspected that he was attempting to travel to Turkey and then Syria to join the Islamic State of Iraq and Syria ("ISIS")—a designated

foreign terrorist organization. A grand jury in the U.S. District Court for the Southern District of Ohio returned an indictment charging Alebbini with attempting and conspiring to provide material support and resources to ISIS. Soon thereafter, Alebbini waived his right to trial by jury, and the case proceeded to a bench trial before the district court. After hearing evidence and arguments for ten days, the district court found Alebbini guilty on both counts.

*United States v. Alebbini*, 979 F.3d 537, 539-40 (6th Cir. 2020).

During June 2019, after extensive briefing from the parties, this Court sentenced Mr. Alebbini to 180 months of imprisonment (or 15 years) on each count of the indictment.  *See* R. 92, judgment.  In the years following the appeal that affirmed these convictions and sentences, Mr. Alebbini continued to deny vigorously his guilt.  *See* R. 132, motion under § 2255; R. 135, motion to expand the record; R. 152, motion to submit video; R. 172, defendant's objections to report and recommendation.  Indeed, as recently as November 2022, Mr. Alebbini submitted filings with this Court effectively denying his culpability for attempting to join ISIS.  *See* R. 175, defendant's objections to supplemental report and recommendation.  To date, Mr. Alebbini has served roughly eight years of his sentence and has a projected release date from federal custody on April 12. 2030.  *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results

## ARGUMENT

Mr. Alebbini has failed to carry his burden and establish each element necessary to obtain relief under 18 U.S.C. § 3582(c)(1)(A).  Distilled to its essential elements, 18 U.S.C. § 3582(c)(1)(A) authorizes a court to reduce a sentence only if each of the following conditions has been satisfied: (1) the defendant has exhausted his administrative remedies with the Bureau of Prisons; (2) extraordinary and compelling reasons warrant a sentence modification consistent with the policy statements of the Sentencing Guidelines; and (3) the reduction is appropriate considering the sentencing factors of § 3553(a).  A failure to satisfy any one element proves fatal

to a defendant's request for release. *See United States v. Pegram*, 843 Fed. Appx. 762, 764 (6th Cir. 2021) ("district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others"). Here, the record demonstrates that Mr. Alebbini satisfies almost none of the criteria required for compassionate release and therefore his motion should be denied.

**A.      *Mr. Alebbini has failed to demonstrate that he exhausted administrative remedies***

As a threshold matter, Mr. Alebbini has failed to demonstrate that he exhausted his administrative remedies. He tacitly suggests compliance with this requirement, referencing the "warden" multiple times in his motion and baldly alleging compliance with this exhaustion requirement. Yet, he submits nothing showing that he actually has done so. Given his failure to establish administrative exhaustion, his motion fails. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

**B.      *He has failed to establish an extraordinary and compelling reason for release***

Assuming arguendo that he has exhausted his administrative remedies, Mr. Alebbini has failed to establish an "extraordinary and compelling reason" for resentencing as required under

3

the compassionate release statute and applicable Guidelines policy statements.[1]  *See* U.S.S.G. 1B1.13(b)(1)-(6) (defining circumstances that may constitute extraordinary and compelling reasons for compassionate release).  "The Sixth Circuit broadly has recognized that typical circumstances attending incarceration and personal factors routinely considered at sentencing cannot supply extraordinary and compelling grounds for compassionate release."  *United States v. Carter*, 2025 WL 28442, at *2 (E.D. Mich. Jan. 3, 2025).  "The factors that may not be considered include (1) the defendant's culpability and role in a criminal scheme, (2) sentencing disparities between the movant and his co-defendants, (3) the proportion of a custodial term already served, (4) the defendant's successful efforts at rehabilitation while confined, and (5) nonretroactive Sentencing Guideline amendments."  *Id.*; *see also United States v. Hunter*, 12 4th 555, 570-71 (6th Cir. 2021).  While Mr. Alebbini tenders several grounds for relief, none prove sufficient to grant him compassionate release.

---

[1] On November 1, 2023, amendments altered U.S.S.G. § 1B1.13 – the Guidelines' policy statement concerning 18 U.S.C. § 3582(c)(1)(A) – and made its analysis applicable to motions filed under this statute by either the BOP or a defendant.  *See* U.S.S.G. § 1B1.13 (2023). Previously, this provision referenced only BOP-filed motions for compassionate release, prompting the Sixth Circuit to instruct courts to disregard the policy statement when evaluating a defendant-filed compassionate release motion.  *See United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) ("an imprisoned person files a § 3582(c)(1)(A) motion", "district courts have full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies" relief"). However, given that the November 2023 amendment expanded application of U.S.S.G. § 1B1.13 to defendant-filed compassionate release motions, district courts once again are bound to consider that policy statement in assessing such a filing.  *See United States v.* Gordon, 2024 WL 1005772, at *2 (6th Cir. Mar. 4, 2024) (recognizing that different standard applied to motions filed before and after "recently adopted [] policy statement addressing compassionate-release motions brought by defendants");  United *State v. Livesay*, 2023 WL  8101845, at *6 (E.D. Tenn. Nov. 21, 2023) ("It thus appears that the Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is no longer consistent with the Guidelines"); *United States v. Ringgold*, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) (same).

4

First, Mr. Alebbini claims that the fall of the Assad regime constitutes an extraordinary ground for his release, apparently reasoning that its demise renders his efforts to join ISIS less serious.  Even setting aside this faulty logic, this purported ground falls far outside the limited recognized bases for compassionate release, such as a defendant's severe medical condition, advanced age, or certain remarkable family circumstances.  *See, e.g.,* U.S.S.G. § 1B1.13(b)(1)-(4).  As equally problematic for Mr. Alebbini, "a court must first find that the facts of the *defendant's* personal circumstances changed after sentencing in a way that is extraordinary and compelling."  *Hunter*, 12 4th at 570 (emphasis in original).  The geopolitical changes in Syria certainly do not represent any change in this defendant's individual circumstances at the BOP.  His first ground for relief lacks merit.

Second, Mr. Alebbini cites purported sentencing disparities between him and other individuals convicted of material support offenses.  The Sixth Circuit, however, has rejected alleged sentencing disparities as a basis for compassionate release.  *See Hunter*, 12 4th at 570 ("even if the sentence disparity did not exist at the time Hunter was sentenced, subsequent leniency in another defendant's case says nothing about how Hunter's personal circumstances have changed since he was sentenced").  Although this precedent alone forecloses his argument, his list of alleged disparate sentences suffers from an independent flaw:  the bare names and numbers alleged in it sheds little light on whether those defendants, in fact, were similarly situated to him.  To be sure, each defendant on this list apparently received a lesser sentence than he did after conviction for material support charges.  But that fact reveals little about the specific details that prompted imposition of the sentence in an individual case such as:  whether the defendant accepted responsibility (which Mr. Alebbini did not); the defendant's age; or other mitigating factors.  Indeed, "our criminal justice system is for the most part a system of pleas, not

a system of trials, and this often results in individuals who accept a plea bargain receiving shorter sentences than other individuals who are less morally culpable but take a chance and go to trial." *Hunter*, 12 4th at 572. This permissible type of sentencing disparity does not warrant compassionate release. His second ground also fails.

Third, he submits that the totality of circumstances justifies his compassionate release. Courts, however, have rejected as extraordinary and compelling grounds for release the amalgam of claims Mr. Alebbini submits here, including: (a) the general hardship of his incarceration to date, *see United States v. O'Connor*, 2025 WL 388176, at *2 (S.D.N.Y Feb. 5, 2025) (general hardship of incarceration at metro detention facility as opposed to BOP facility as well as immigration status that precluded access to programing insufficient to establish extraordinary or compelling reasons for release); (b) COVID lockdowns, *United States v. Trent*, No. 2:17-CR-17-TAV-CRW-1, 2024 WL 3734198, at *7 (E.D. Tenn. Aug. 8, 2024) ("The Court does not find that prison lockdown conditions during the COVID-19 pandemic, which were instituted to protect the health and safety of inmates, constitutes an extraordinary and compelling ground for compassionate release comparable to those listed in § 1B1.13(b)(1)–(4)"); *United States v. Livesay,* No. 3:18-CR-36-TAV-DCP-15, 2023 WL 8101845, at *9 (E.D. Tenn. Nov. 21, 2023) (same); *United States v. Dunlap*, No. 2:18-CR-00017-DCLC-CRW, 2023 WL 4533956, at *4 (E.D. Tenn. July 13, 2023) ("Standing alone, pandemic confinement conditions cannot be considered an 'extraordinary' basis to grant compassionate release ... because every inmate serving a term of incarceration during this pandemic could make a similar argument"); (c) his ineligibility for benefits of the First Step Act given the nature of his crime, *see O'Connor*, 2025 WL 388176, at *2 (ineligibility for programing or benefits based on immigration status not extraordinary or compelling); *United States v. Estupinan*, 2024 WL 4529255 at *2 (M.D. Fla.

6

Oct. 18, 2024) ("Nor is the Court convinced that Estupinan should be released from prison early because he is ineligible for good time credits due to his deportable status or because he will be deported after his sentence"); *United States v. Rich*, 2022 WL 4792906, at *2 (E.D. Mich. Oct. 3, 2022) (ineligibility for certain programing, along with other factors, not, basis for compassionate release); *United States v. Atan*, 2020 WL 6130906, at *3 (E.D. Mich. Oct. 19, 2020) (same); (d) his likely deportation if released*, see United States v. Hidrovo*, 2025 WL 326656, at *1 (M.D. Fla. Jan. 29, 2025) (finding no extraordinary or compelling grounds for release, where, among other things, defendant cited his likely deportation after serving his sentence); *United States v. Anaya-Gonzalez*, 2024 WL 4942381, at *3 (N.D. Tx. Dec. 2, 2024) ("the fact that Anaya might be deported after his sentence does not independently warrant compassionate release"); *Estupinan*, 2024 WL 4529255 at *2 (deportation following sentencing not an extraordinary ground for release); and his desire to have additional children and save his marriage. *See United States v. Darwich*, 2021 WL 527278, at *2 (E.D. Mich. 2021) (defendant's "desires and fears [concerning his family] do not constitute any extraordinary or compelling circumstance"); *United States v. Jackson*, 2021 WL 2217509, at *4 (E.D. Mich. June 2, 2021) ("The fact that Jackson's mother and other family members may miss his presence in their daily lives is unfortunate, but certainly not extraordinary"). Each of these circumstances unfortunately is a consequence attendant to the incarceration of any defendant convicted of certain offenses (such as material support) and therefore does not rise – whether considered singularly or collectively – to an extraordinary or compelling reason for release.[2] *See Carter*, 2025 WL 28442, at *2 (E.D.

---

[2] In passing, Mr. Alebbini suggests without evidence that he might be removed to "El Salvador" or "Guantanamo Bay". He offers nothing for this claim other than his own speculation, and it therefore cannot constitute an extraordinary and compelling reason for his release.

7

Mich. Jan. 3, 2025) ("typical circumstances attending incarceration" "cannot supply extraordinary and compelling grounds for compassionate release").

Finally, Mr. Alebbini emphasizes that he has had a "change of heart" concerning his criminal actions – layman's parlance that he has rehabilitated himself.  Congress has barred compassionate release based solely on rehabilitation.  *See* 28 U.S.C. § 994(t).  By statute, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for modification of a sentence under 3582(c)(1)(A).  18 U.S.C. § 994(t).  The Guidelines' policy statement, in turn, reflects that same prohibition.  *See* U.S.S.G. § 1B1.13(d) ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement").  His purported rehabilitation cannot serve as a basis for release.

In sum, Mr. Alebbini has failed to present an extraordinary and compelling grounds for relief.  As such, his motion for compassionate release should be denied.

### C.    *The section 3553(a) factors do not support release*

Finally, the section 3553(a) factors bar Mr. Alebbini's release.  Through his motion, he fails to even address this necessary perquisite for relief.  That fact provides yet another independent and sufficient ground to deny his motion for compassionate release.  *See United States v. Layne*, 192 F.3d 556, 566–67 (6th Cir. 1999) (A party forfeits issues that are "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation").

But even a cursory review of these factors confirms that compassionate release is inappropriate here.  His crime was incredibly serious.  Mr. Alebbini engaged in terrorist activity, attempting to directly support ISIS – an organization whose activities have been well documented.  As the United States detailed in its original sentencing memorandum:

8

> Terrorism offenses, along with crimes such as murder, rape, and child-exploitation offenses, are among the most heinous, reprehensible, and serious crimes in our nation's laws. Terrorism strikes fear into the entire world. It tears at the fabric and soul of a civilized society. The ripple effect is boundless, from a seemingly and policies of governments, to a global machinery of terrorism response, including increased surveillance, policing, and warfare. Fear, anxiety, distrust, conflict, death, agony, pain and suffering, and, at times, disillusionment with government response to terrorism, are the hallmarks of current society. All, at its core, from terrorism, the hallmark trait of ISIS, the group Alebbini held in such high esteem and sought not only to join but actively support.

*See* R. 81, government sentencing memorandum at 557-58. Although Mr. Alebbini never personally detonated a bomb or killed someone, that was certainly his intention in seeking to join (albeit unsuccessfully) ISIS. *See id.*

Moreover, his conduct was not isolated. He attempted on a previous occasion to join the fight in Syria. *See id.* at 559-60. He actively advised others "that he would be the 'perfect recruit' for ISIS" and "that he 'was a supporter of the Islamic State.'" *Id.* at 560. He even suggested that his infant child was a ripe candidate for "martyrdom" in ISIS's war. *See id.* at 574. Mr. Alebbini was not some novice who stumbled into advocacy for ISIS but rather he was an ardent supporter of this terrorist organization and its goals.

To be sure, Mr. Alebbini's compassionate release motion contains self-serving statements claiming remorse for his actions. But these new sentiments stand in start contrast to his conduct throughout this litigation. Prior to his current motion, Mr. Alebbini refused to accept any responsibility for his conduct, falsely denying his culpability for his crimes. Even now, he attempts to justify his efforts to join this terrorist organization, noting that rebel forces now have overthrown the Assad government that ISIS also battled. Mr. Alebbini's flawed logic underscores that he remains the same person who attempted to support a terrorist organization

9

almost a decade ago.   In short, the nature and circumstances of this offense, its seriousness, and

Mr. Alebbini's own characteristics support his continued incarceration.[3]

## CONCLUSION

This defendant has failed to establish each element necessary for compassionate release

and therefore his motion should be denied.

Respectfully submitted,

KELLY A. NORRIS
Acting United States Attorney

s/Brent G. Tabacchi
BRENT G. TABACCHI (6276029 IL)
Assistant United States Attorney
Attorneys for Plaintiff
200 West Second Street
Dayton, OH   45402
Telephone: (937) 225-2910
Fax: (937) 225-2564

---

[3] For the reasons detailed in the government's original sentencing memorandum, the remaining section 3553(a) factors support Mr. Alebbini's continued imprisonment.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was filed with the Court's CM/ECF filing system on June 1, 2025, and will be caused to be served on the defendant via United States Mail the next business day at:

Laith Alebbini
81611-007
FCI THOMSON
U.S. PENITENTIARY
PO BOX 1002
THOMSON, IL 61285

s/Brent G. Tabacchi
Brent G. Tabacchi
Assistant United States Attorney